UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TINA M. EMERSON | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA, ET AL | NO. 07-456-B-M2 |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, January 18, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TINA M. EMERSON                                                    CIVIL ACTION

VERSUS

STATE OF LOUISIANA, ET AL                                     NO. 07-456-B-M2

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Dismiss Action as to FEMA or, Alternatively, for Summary Judgment (R. Doc. 14) filed by defendant, United States of America, on behalf of the United States Department of Homeland Security, Federal Emergency Management Agency ("FEMA").  In opposition to FEMA's motion, plaintiff, Tina M. Emerson ("Emerson"), has filed a Motion to Dismiss FEMA's Motion for Summary Judgment, Alternatively, Motion for Summary Judgment in Favor of the Plaintiff.  (R. Doc. 17).  Further, the Court raises, sua sponte, issues regarding defendants, the State of Louisiana and George Cotton.

## FACTS & PROCEDURAL BACKGROUND

Emerson filed this suit on June 27, 2007, alleging various claims against FEMA and the State of Louisiana ("State") pursuant to 42 U.S.C. §1983, a non-existent 28 U.S.C. §1983, and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e, *et seq*).  She contends that her rights to due process and against cruel and unusual punishment under the 8th Amendment were violated when the State incarcerated her on false charges from January 4th to April 10th, 2007, and when FEMA refused to allow her to return to the FEMA trailer in Mount Olive Trailer Park ("Mount Olive"), in Baton Rouge, Louisiana, where she

resided at the time of her arrest. Specifically, Emerson asserts that several "subcontractors" of FEMA, including Paulette Hamilton (who performed grounds maintenance at Mount Olive) and Aaron Cambpell and David Sims (who worked as security supervisors at Mount Olive), mishandled various incidents at the trailer park resulting in false criminal charges being filed against her and her ultimately being banned from the park.

FEMA has now filed the present motion pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6), seeking dismissal of this matter because: (1) the Court lacks subject matter jurisdiction; (2) the Court lacks personal jurisdiction over FEMA; (3) FEMA has not been properly served in accordance with Fed. R. Civ. P. 4; and (4) Emerson has failed to state a claim against FEMA upon which relief can be granted. Alternatively, FEMA moves for summary judgment because Emerson has failed to allege any action on the part of any FEMA officer or employee, which would warrant the compensatory relief that she seeks.

## **LAW & ANALYSIS**

The Court finds that Emerson's claims against both FEMA and the State should be dismissed based upon several of the grounds listed above. First, Emerson's §1983 claim against FEMA should be dismissed pursuant to Rule 12(b)(6) because a federal agency is not a "person" within the meaning of that statute.[1][2] *Hoffman v. U.S. Dept. of Housing*

---

[1] Fed. R. Civ. P. 12(b) provides that a party may assert the following defenses by motion:

    (1)    lack of subject-matter jurisdiction;
    (2)    lack of personal jurisdiction;
    (3)    improper venue;
    (4)    insufficient process;
    (5)    insufficient service of process;
    (6)    failure to state a claim upon which relief can be granted;

*and Urban Development*, 519 F.2d 1160 (5th Cir. 1975)(While 42 U.S.C. §1983 provides a federal cause of action against *persons* who violate an individual's civil rights under color of state law, a federal agency is excluded from the scope of §1983 liability).[3]  Because Emerson has failed to allege that any individual federal official violated her rights while acting under color of state law, her §1983 claims against FEMA, as a federal agency,

---

          and
(7)    failure to join a party under Rule 19.

Fed. R. Civ. P. 12(b).

[2] Section 1983 creates a cause of action against "[e]very person who, under color of any [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. §1983.

[3] *See also, Rosario Urdaz v. Rivera Hernandez*, 2004 WL 3670995 (D. Puerto Rico 2004)(The United States and federal agencies are not persons within the meaning of §1983); *Accardi v. United States*, 435 F.2d 1239 (3d Cir. 1970); *LaRouche v. City of New York*, 369 F.Supp. 565 (S.D.N.Y. 1974); *Hindes v. FDIC*, 137 F.3d 148 (3d Cir. 1998)(Because §1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from §1983 liability inasmuch as in the normal course of events they act pursuant to federal law); *District of Columbia v. Carter*, 409 U.S. 418, 425, 93 S.Ct. 602, 606, 34 L.Ed.2d 613 (1973); *Zernial v. United States*, 714 F.2d 431, 435 (5th Cir. 1983)(action taken pursuant to federal law by federal agents exempt from §1983 liability); *Scott v. United States Veteran's Admin.*, 749 F.Supp. 133, 134 (W.D. La. 1990)(federal government and its agencies acting under federal law are not "persons" within §1983), *aff'd,* 929 F.2d 146 (5th Cir. 1991)(per curiam).

should be dismissed.[4] [5]

Similarly, her §1983 claim against the State should be dismissed pursuant to 28 U.S.C. § 1915(e) because she has failed to name any individual state actor who violated her Constitutional rights under color of state law.[6]  The State itself is absolutely immune from suit under §1983.  *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)(Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from a lawsuit seeking monetary damages or equitable relief brought in a federal court by one of its own citizens).[7]  At the hearing held on November 29, 2007,

---

[4] Although Emerson filed a Motion to Amend Complaint (R. Doc. 4) to add as a defendant, George Cotton ("Cotton"), Louisiana Transitional Recovery Office, Office of General Counsel, she merely added Cotton's name to the caption of the case and failed to assert any substantive allegations of wrongdoing on Cotton's part as a federal official.  Accordingly, the Court finds that, while Cotton was made a party to this matter in name, Emerson's §1983 claims against FEMA (and Cotton, as a FEMA official) should be dismissed because Emerson has not set forth any allegations that Cotton, while acting under color of a state statute, subjected Emerson to a deprivation of her constitutional rights.

[5] Even if the complaint in this matter were found to allege a violation of Emerson's constitutional rights by a FEMA employee (which, as discussed herein, the Court finds it does not), FEMA would not be liable under §1983 because the United States and its federal agencies cannot be held liable for the acts or omissions of individual employees under a theory of *respondeat superior* or vicarious liability.  *Coleman v. Houston Independent School District*, 135 F.3d 528, 534-35 (5th Cir. 1997); *Thibodeaux v. Arceneaux*, 768 F.2d 737 (5th Cir. 1985).

[6] Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).  An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995).  A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Cf., Green v. McKaskle, supra.*

[7] Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, it has not done so as to claims pursuant to 42 U.S.C. §1983 for the deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan, supra*.

pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), plaintiff was given an opportunity to amend the complaint to name individual state actors, but that opportunity was declined. Accordingly, although the State has not filed a motion to dismiss in this matter, the Court should *sua sponte* dismiss Emerson's §1983 claim against the State pursuant to 28 U.S.C. §1915.

Secondly, Emerson's Title VII claims against both FEMA and the State should be dismissed pursuant to Rule 12(b)(6) because that statute only applies in the employment context, prohibiting employers from discriminating against employees "because of" any protected characteristic, including "race, color, religion, sex, or national origin." 42 U.S.C. §2000e. Since Emerson has neither alleged nor proven that she was ever an employee of FEMA or the State, her claims do not fall within the scope of that statute.

Thirdly, all of Emerson's claims against FEMA and the State should be dismissed, pursuant to Rule 12(b)(5) for insufficiency of service of process, because of her failure to properly serve those entities within one hundred and twenty (120) days after the filing of the complaint. *See*, Fed. R. Civ. P. 4(m)(If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time).[8] Emerson has failed to present any competent evidence

---

[8] In order to make proper service upon a United States agency pursuant to Rule 4(i), a party must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency. Fed. R. Civ. P. 4( i)(2). To properly serve the United States, the party must: (A)(i) deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)

demonstrating that she served the United States or the State as required by Rule 4, and the burden is upon her to make such showing. *Aetna Business Credit, Inc. v. Universal Decor and Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Although Rule 4(m) provides that a Court may allow a plaintiff an extension within which to serve a defendant when a plaintiff shows "good cause" for his/her failure, Emerson was provided thorough notice of her need to perfect service upon the defendants in this matter at the *Spears* hearing on November 29, 2007 (R. Doc. 11), and she nevertheless failed to do so, without demonstrating any "good cause" for such failure. Accordingly, the Court finds that, since well over 120 days have elapsed since Emerson filed this action, her complaint should be dismissed as to FEMA and the State for failure to comply with the service requirements of Rule 4.

Finally, even if Emerson's claims against FEMA are not dismissed pursuant to Rule 12(b), they should nevertheless be dismissed on summary judgment because she has not alleged or proven any act or omission on the part of FEMA or any of its employees which deprived her of her Constitutional rights.[9]  As discussed above, the only allegations

---

& (B).

FEMA has submitted an affidavit by Janice Johnson, the designated Information Receptionist at the U.S. Attorney's Office for the Middle District of Louisiana, which indicates that, based upon a review of the office's log reflecting the name of the case and date of service of each summons and complaint which is hand-delivered or mailed to the U.S. Attorney's Office in connection with civil litigation, there is no record of the U.S. Attorney's Office ever being served with a summons or complaint in this action dating back to June 2007 when this action was filed.

[9] Summary judgment is appropriate where the pleadings, discovery products, and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c). A "genuine issue" exists when a reasonable jury could resolve the disputed fact(s) in favor of the non-movant, and a "material" fact is one that might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Only if the nonmoving party sets

Emerson asserts concerning FEMA relate to alleged wrongdoing by its purported "subcontractors," Hamilton, Campbell, and Sims, in the handling of several "incidents" at the Mount Olive Trailer Park. FEMA has presented competent summary judgment evidence, in the form of a declaration by Sandra Porche ("Porche")(the Trailer Park Manager at Mount Olive since January 2006 who is employed by FEMA), demonstrating that none of those individuals were employees of FEMA at the time of the alleged incidents. According to Porche's declaration, at the time of the incidents in question, Hamilton was an employee of KETA Group, which was contracted by FEMA to provide grounds maintenance at Mount Olive, and Campbell and Sims were employees of Accel Protection and Technologies, who worked as Security Supervisors at Mount Olive. Emerson has not come forward with any evidence refuting Porche's declaration. Because she has not alleged or proven wrongful conduct by any FEMA employee or official, no genuine issue of material fact is in dispute regarding her claims against FEMA, and they should be dismissed pursuant to Fed. R. Civ. P. 56.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Dismiss Action as to FEMA or, Alternatively, for Summary Judgment (R. Doc. 14) filed by defendant, United States of America, on behalf of the United States Department of Homeland Security, Federal Emergency Management Agency, should be **GRANTED**; that the Motion to Dismiss FEMA's Motion for Summary Judgment, Alternatively, Motion for Summary

---

forth specific facts and evidence supporting the allegations essential to his/her claim will a genuine issue of material fact be found to exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Judgment in Favor of Plaintiff (R. Doc. 17) should be **DENIED**; and that plaintiff's claims against FEMA, the State of Louisiana, and George Cotton should be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, January 18, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**